Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50066 | **DATE** | 4/12/2004 |
| **CASE TITLE** | Westchester Fire Insurance vs. Carolina Casualty | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion to dismiss.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 12 2004 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4-13-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Westchester Fire Insurance Co., individually and as subrogee, filed a two-count complaint based on diversity jurisdiction, naming as defendant, Carolina Casualty Insurance Co., and alleging an equitable subrogation claim for bad faith failure to settle (Count I) and a direct claim for bad faith failure to settle (Count II). Each count also seeks punitive damages. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that both claims fail to "plead any facts supportive of the notion it was unreasonable for [defendant] to fail to settle" the underlying action. Defendant further maintains that plaintiff "must allege facts sufficient to establish the existence of the duty to settle in good faith." Defendant also argues that plaintiff has failed to properly plead a claim for punitive damages.

While Illinois substantive law may apply to this case, federal pleading rules, which require that a complaint only give notice of the plaintiff's claim, and not that it spell out the facts underlying the claim, govern in a diversity suit. Beanstalk Group, Inc. v. AM General Corp., 283 F. 3d 856, 863 (7th Cir. 2002). The plaintiff is not required to plead facts or legal theories or case or statutes, but merely to describe his claim briefly and simply. Shah v. Inter- Continental Hotel Chicago Operating Corp., 314 F. 3d 278, 282 (7th Cir. 2002). It is not necessary to plead sufficient facts to establish the legal elements of a claim. Head v. Chicago School Reform Board of Trustees, 225 F. 3d 794, 801 (7th Cir. 2000).

In this case, plaintiff has adequately notified defendant of the claims against it, including those for punitive damages. From the nature of defendant's motion to dismiss, it appears that defendant understands the claims alleged. Accordingly, defendant's motion to dismiss is denied.